IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| 3RD EYE SURVEILLANCE, LLC, | § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. |
| v. | § § § | DEMAND FOR JURY TRIAL |
| MONTFORD MULTIFAMILY, LLC, | § § § § | |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT
## FOR PATENT INFRINGEMENT

Plaintiff 3rd Eye Surveillance, LLC ("3rd Eye" or "Plaintiff") files this, its Original Complaint for infringement of U.S. Patent No. 6,778,085; U.S. Patent No. 6,798,344; and U.S. Patent No. 7,323,980 (attached hereto as "Exhibit A," "Exhibit B," and "Exhibit C") against Defendant Montford Multifamily, LLC ("Montford" or "Defendant") under 35 U.S.C. §271, and in support thereof would respectfully show the Court as follows:

### THE PARTIES

1.  Plaintiff 3rd Eye is a limited liability company organized under the laws of the State of Texas, with its principal place of business at 2616 Boedeker Drive, Plano, Texas 75074.

2.  Upon information and belief, Defendant Montford, is a Texas limited liability company with its principal place of business at 2601 Network Boulevard,

Suite 407, Frisco, Texas 75034.  Montford may be served through its registered agent, CT Corporation System at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

## JURISDICTION AND VENUE

3. This action arises under the United States Patent Laws, codified at 35 U.S.C. §§ 1, et seq., including §§ 271 and 281. This Court has exclusive subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. This Court may exercise personal jurisdiction over Montford because Montford has minimum contacts with this forum as a result of business regularly conducted within the State of Texas and this judicial district.

5. Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. §§ 1391(b), (c) and 1400(b) because Montford's principal place of business is in this judicial district.

## PATENT INFRINGEMENT

6. Defendant has contracted with Stealth Monitoring, Inc. ("Stealth") to provide infringing surveillance systems at its multifamily residential properties, including Hartford Park Apartments in Houston, Texas.  *See* Exhibit D.

## United States Patent No. 6,778,085

7. United States Patent No. 6,778,085 ('the '085 Patent"), entitled "Security System and Method with Realtime Imagery" was duly and lawfully issued by the USPTO on August 17, 2004, after full and fair examination.  The '085 Patent relates generally to video security systems, and in particular to such systems that

record, store, and transmit images through the use of computer equipment, digital storage, and an electronic communications network.  Plaintiff 3rd Eye is the exclusive licensee of all rights in the '085 Patent and possesses all rights of enforcement and recovery under the '085 Patent.

8. Montford has committed, and continues to commit, acts of infringement in violation of 35 U.S.C. § 271(a) by using security systems that infringe one or more claims of the '085 Patent.  *See* Exhibit D, describing an example of such an infringing security system in place at one of Montford's properties.

9. Montford's infringement of the '085 Patent has been and continues to be willful.

10. Montford has caused and will continue to cause Plaintiff substantial damage and irreparable injury by virtue of its past and continuing infringement of the '085 Patent.  Plaintiff will suffer further damage and irreparable injury unless and until Montford is enjoined by this Court from continuing such infringement.

**United States Patent No. 6,798,344**

11. United States Patent No. 6,798,344 ("the '344 Patent"), entitled "Security Alarm System and Method with Realtime Streaming Video" was duly and lawfully issued by the USPTO on September 28, 2004, after full and fair examination.  The '344 Patent relates generally to video security systems, and in particular to such systems that store, retrieve, and transmit images through the use of computer equipment, digital storage, and an electronic communications network.

Plaintiff 3rd Eye is the exclusive licensee of all rights in the '344 Patent and possesses all rights of enforcement and recovery under the '344 Patent.

12. Montford has committed, and continues to commit, acts of infringement in violation of 35 U.S.C. § 271(a) by using security systems that infringe one or more claims of the '344 Patent. *See* Exhibit D, describing an example of such an infringing security system in place at one of Montford's properties.

13. Montford's infringement of the '344 Patent has been and continues to be willful.

14. Montford has caused and will continue to cause Plaintiff substantial damage and irreparable injury by virtue of its past and continuing infringement of the '344 Patent. Plaintiff will suffer further damage and irreparable injury unless and until Montford is enjoined by this Court from continuing such infringement.

### United States Patent No. 7,323,980

15. United States Patent No. 7,323,980 ("the '980 Patent"), entitled "Security System and Method with Realtime Imagery" was duly and lawfully issued by the USPTO on January 29, 2008, after full and fair examination. The '980 Patent relates generally to video security systems, and in particular to such systems that store, retrieve, and transmit images through the use of computer equipment, digital storage, and an electronic communications network. Plaintiff 3rd Eye is the exclusive licensee of all rights in the '980 Patent and possesses all rights of enforcement and recovery under the '980 Patent.

16. Montford has committed, and continues to commit, acts of infringement in violation of 35 U.S.C. § 271(a) by using security systems that infringe one or more claims of the '980 Patent.  *See* Exhibit D, describing an example of such an infringing security system in place at one of Montford's properties.

17. Montford's infringement of the '980 Patent has been and continues to be willful.

18. Montford has caused and will continue to cause Plaintiff substantial damage and irreparable injury by virtue of its past and continuing infringement of the '980 Patent.  Plaintiff will suffer further damage and irreparable injury unless and until Montford is enjoined by this Court from continuing such infringement.

## JURY DEMAND

19. Pursuant to Federal Rule of Civil Procedure 38, 3rd Eye demands a trial by jury.

## PRAYER

**WHEREFORE,** Plaintiff 3rd Eye Surveillance, LLC prays that Defendant Montford Multifamily, LLC be cited to appear and answer herein, and that 3rd Eye be granted the following relief:

a. Judgment that Montford has infringed, induced others to infringe, and committed acts of contributory infringement with respect to one or more claims of the '085 Patent;

b.  Judgment that Montford has infringed, induced others to infringe, and committed acts of contributory infringement with respect to one or more claims of the '344 Patent;

c.  Judgment that Montford has infringed, induced others to infringe, and committed acts of contributory infringement with respect to one or more claims of the '980 Patent;

d.  A permanent injunction enjoining Montford, its officers, agents, servants, employees, and those persons in active concert or participation with Montford, from making, using, offering for sale, selling, or importing any device or product that is found to infringe the '085 Patent, and/or committing acts that induce others to infringe or contribute to others infringement of the '085 Patent;

e.  A permanent injunction enjoining Montford, its officers, agents, servants, employees, and those persons in active concert or participation with Montford, from making, using, offering for sale, selling, or importing any device or product that is found to infringe the '344 Patent, and/or committing acts that induce others to infringe or contribute to others infringement of the '344 Patent;

f.  A permanent injunction enjoining Montford, its officers, agents, servants, employees, and those persons in active concert or participation with Montford, from making, using, offering for sale, selling, or importing any device or product that is found to infringe the '980 Patent, and/or committing

acts that induce others to infringe or contribute to others infringement of the '980 Patent;

g. Damages adequate to compensate for Montford's patent infringement, but in no event less than a reasonable royalty for Montford's practicing of the inventions claimed in the '085 Patent, together with interest and costs under 35 U.S.C. § 284;

h. Damages adequate to compensate for Montford's patent infringement, but in no event less than a reasonable royalty for Montford's practicing of the inventions claimed in the '344 Patent, together with interest and costs under 35 U.S.C. § 284;

i. Damages adequate to compensate for Montford's patent infringement, but in no event less than a reasonable royalty for Montford's practicing of the inventions claimed in the '980 Patent, together with interest and costs under 35 U.S.C. § 284;

j. A finding that Montford has willfully infringed the '085 Patent and enhanced damages of up to three times the amount of 3rd Eye's actual damages;

k. A finding that Montford has willfully infringed the '344 Patent and enhanced damages of up to three times the amount of 3rd Eye's actual damages;

l.     A finding that Montford has willfully infringed the '980 Patent and enhanced damages of up to three times the amount of 3rd Eye's actual damages;

m.    Pre-judgment and post-judgment interest on the damages assessed;

n.    Declaring this case exceptional pursuant to 35 U.S.C. § 285, and awarding 3rd Eye its reasonable attorney's fees and expenses; and

o.    Such other and further relief, both at law and in equity, to which 3rd Eye may be entitled.

Respectfully submitted,

*/s/ Stephen A. Kennedy*
Stephen A. Kennedy
Texas Bar No. 11300425
KENNEDY LAW, P.C.

Fountain Place
1445 Ross Avenue,
Suite 4950
Dallas, TX 75202
Telephone: 214.716.4343
Fax: 214.593.2821
skennedy@saklaw.net

COUNSEL FOR PLAINTIFF
3RD EYE SURVEILLANCE, LLC